IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHERI MATTSON and LOGAN MATTSON, in their capacities as co-personal representatives of the ESTATE OF MATTHEW CLAY MATTSON,<br><br>Plaintiffs,<br><br>v.<br><br>ARMANDO MONTELONGO, JR., an individual, NON LIVE, L.L.C., a limited liability company, ARMANDO MONTELONGO SEMINARS, and EDUCATION MANAGEMENT GROUP, INC., a corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:14-cv-00157<br><br>District Judge David Nuffer |

Defendants Armando Montelongo, Jr. ("Montelongo"), Armando Montelongo Seminars, Non Live, L.L.C., and Education Management Group, Inc. (collectively "Defendants") filed this Motion[1] to dismiss the Complaint[2] filed by Sheri Mattson and Logan Mattson in their capacities as personal representatives of the Estate of Matthew Clay Mattson (the "Mattsons"). The Defendants submit that the Complaint should be dismissed for improper venue, forum non conveniens, and on abstention grounds.[3] Defendants alternatively move to stay this litigation pending the outcome of related Texas state court proceedings.[4] Because the abstention doctrine is dispositive, there is no need to examine other proffered bases for dismissal. For the reasons that follow, Defendants' Motion to Dismiss is GRANTED. This case is dismissed without prejudice.

---

[1] Motion to Dismiss or in the Alternative to Stay and Supporting Memorandum ("Motion"), docket no. 15, filed May 7, 2014.

[2] Complaint, docket no. 1, filed March 4, 2014.

[3] Motion at 2–3.

[4] *Id.* at 3.

## BACKGROUND

The Mattsons allege that Defendants owe money to the estate of Matthew Clay Mattson ("Matthew Mattson") under an alleged 2009 business agreement between the late Matthew Mattson and Montelongo.[5] On March 1, 2011 the Mattsons sent a letter to Montelongo, demanding payment for the money allegedly owed to Matthew Mattson's estate.[6] Three days later, on March 4, 2011, Montelongo filed a complaint[7] in Texas state court against the Mattsons ("Texas Complaint"), seeking declaratory judgment with regard to the Mattsons' demands.[8] The Mattsons first answered the Texas Complaint on June 3, 2011, without asserting any counterclaims.[9] Montelongo filed a motion for summary judgment in the Texas state court on December 13, 2013.[10] The Mattsons, on March 4, 2014, filed a motion for leave to amend their answer to include counterclaims for breach of contract, breach of fiduciary duties, accounting, conversion, and mismanagement ("Texas Counterclaim").[11] The Mattsons' motion for leave to amend is currently pending in the Texas state court. Also on March 4, 2014 the Mattsons filed this Complaint in the United States District Court for the District of Utah, asserting the same five claims found in their Texas Counterclaim against the Defendants.[12]

---

[5] *Id.* at 2.

[6] *Id.* at 3.

[7] Texas Complaint, docket no. 15-1, May 7, 2014

[8] Declaration of Armando Montelongo, Jr. in Support of Defendants' Motion to Dismiss or in the Alternative to Stay ("Montelongo's 1st Declaration") at ¶ 5, docket no. 15-3, filed May 7, 2014.

[9] *Id.* ¶ 8.

[10] *Id.* ¶ 9.

[11] Texas Counterclaim at 6, docket no. 15-2, filed May 7, 2014.

[12] Complaint at 4–7.

**DISCUSSION**

Defendants argue that the *Colorado River*[13] abstention doctrine warrants a dismissal of the Mattsons' Complaint, or alternatively a stay of these proceedings.[14] The Mattsons respond that abstention does not apply because there are no parallel state proceedings.[15]

"The *Colorado River* doctrine applies to 'situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts.'"[16] "The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."[17] Thus, a district court may stay or dismiss a party's case where there is pending parallel state court proceeding and certain factors weigh in favor of abstention.[18] If the district court determines that the suits are parallel, it may stay or dismiss upon consideration of several factors, including potential court jurisdiction over property, the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums.[19]

Both the Mattsons and the Defendants acknowledge[20] that before a trial court reaches the abstention issue, it must

> determine whether the state and federal proceedings are parallel. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums. The court should examine the state proceedings as they actually exist to

---

[13] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

[14] Motion at 3.

[15] Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss ("Opposition Memorandum") at 8, docket no. 21, filed July 3, 2014.

[16] *Fox v. Maulding,* 16 F.3d 1079, 1080 (10th Cir. 1994).

[17] *Id.* (internal quotation omitted).

[18] *Colorado River Water Conservation Dist.*, 424 U.S. at 817.

[19] *Id.* at 818.

[20] Opposition Memorandum at 14; Motion at 9.

determine whether they are parallel to the federal proceedings, resolving any doubt in favor of exercising federal jurisdiction.[21]

It is undisputed that the parties in this suit are the same parties as those in the Texas litigation.[22] The Mattsons argue, however, that the suits are not parallel because "the Texas court has not allowed the Mattsons' counterclaim to proceed against the Montelongo Defendants" and that only "if the Texas court were to grant the Mattsons' motion to amend and allow the Mattsons' claims, could [the federal court] stay these proceedings pending resolution of the Texas case to determine if that case would have any preclusive effect in this case."[23] The Mattsons' argument is unavailing. The Mattsons' federal Complaint is based on the same facts which are the basis for Montelongo's declaratory action and alleges the same claims as the Mattsons' counterclaim in Texas state court.[24] The issues in both cases are ownership rights in several of Montelongo's companies and Montelongo's obligation to pay the Mattsons.[25] Therefore, the Texas case and the federal Complaint are parallel proceedings.

Having determined that the federal and state court proceedings are parallel, the other factors must next be considered to see if there is a reason to abstain in deference to the Texas state court proceeding.

The first *Colorado River* factor is inapplicable since "neither the state nor district court has acquired jurisdiction over property in the course of this litigation."[26] The second factor, the inconvenience of the federal forum, weighs in favor of abstention. Though the Mattsons reside in Utah, they litigated these issues exclusively in Texas from March 2011 until March of 2014.

---

[21] *Allen v. Board of Educ., Unified School Dist. 436*, 68 F.3d 401 (10th Cir. 1995) (internal quotation marks and citations omitted).

[22] Declaration of Logan Mattson ("Mattson Declaration") at 5, docket no. 21-1, filed July 3, 2014;  Montelongo's 1st Declaration at 2.

[23] Opposition Memorandum at 14 (citing *Allen*, 58 F.3d at 404).

[24] Complaint at 4–8; Texas Complaint at 3; Texas Counterclaim at 6–10.

[25] *Id.*

[26] *D.A. Osguthorpe Family Parntership v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013).

Moreover, as the Defendants point out, the Mattsons acknowledged that Texas is a proper place to litigate this dispute.[27] Though both locations would be inconvenient for one of the parties, the Mattsons have already engaged in the Texas litigation. Thus, the second factor weighs in favor of abstention.

The third factor evaluates whether abstention would help avoid piecemeal litigation. The Texas litigation has not been active in recent months, but according to the Defendants it is past the discovery stage.[28] Furthermore, a motion for summary judgment is pending in the Texas state court.[29] In contrast, the only activity in this court, aside from the Complaint, is this Motion. Abstaining would allow the Texas state court to resolve the dispute in the court where it was initially filed and avoid litigating parts of the case in different courts. The third factor therefore weighs in factor of abstention.

The final factor considers which court first obtained jurisdiction.[30] The Texas Complaint was filed in 2011.[31] Three years later the Mattsons filed their Complaint in this court. Thus, the Texas court had jurisdiction three years earlier than this court. This factor also weighs in favor of abstention under *Colorado River*.

The foregoing analysis of the factors shows that abstention is proper. It must next be determined whether to stay or dismiss the present case. "The Supreme Court has declined to address whether deference to state court proceedings under the *Colorado River* doctrine should result in a stay or a dismissal of the federal action."[32] The Tenth Circuit has expressed a

---

[27] Motion at 12; Texas Counterclaim at 5.

[28] Reply Memorandum in Support of Motion to Dismiss or in the Alternative to Stay ("Reply Memorandum") at 10, docket no. 24, filed July 31, 2014.

[29] Opposition Memorandum at 7.

[30] *Colorado River Water Conservation Dist.*, 424 U.S. at 818.

[31] Montelongo's 1st Declaration at ¶ 5.

[32]  *Fox,* 16 F.3d at 1082.

preference for stays over dismissals.[33] However, the Tenth Circuit has also noted that a dismissal without prejudice has "the same practical effect" as a stay, where the "state court judgment will preclude litigation of the issues before [the federal] court."[34] With the exception of potential concerns surrounding statutes of limitations, a dismissal without prejudice has the same impact as a stay. No argument is raised regarding statute of limitation concerns. Therefore, rather than staying this case pending the outcome of the Texas litigation, Mattsons' Complaint will be dismissed without prejudice.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED. The complaint is dismissed without prejudice. The clerk is directed to close this case.

Dated April 24, 2015

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[33] *Id.* at 1082–83 ("Some courts have approved dismissals, though whether with or without prejudice is not clear. We think the better practice is to stay the federal action pending the outcome of the state proceedings. In the event the state court proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action.").

[34] *State Farm Mut. Auto. Ins. Co. v. Scholes*, 601 F.2d 1151, 1155 (10th Cir. 1979).